Parker, C. J.,
pronounced the judgment of the Court.
The points which have been argued in the case are ; 1st. That the plaintiff’s bill cannot be sustained ; because he has not shown that the defendant, to whom the mortgage made to Brown had been assigned, has ever entered upon the mortgaged premises for condition broken ; and, 2dly. That the proceedings of the sheriff, antecedent to and at the sale, were defective ; so that no title passed to the plaintiff by the deed of the sheriff.
With respect to the first point, the facts are, that Jonathan Winship, the judgment debtor, having, on the 5th of March, 1798, conveyed the premises in mortgage to Samuel Brown, to secure the payment of $ 7000, and interest, in one year from the time of the execution of the deed, Brown, on the 15th of September, 1805, the condition jf the deed being broken, but no entry having been made by him therefor, assigned all his right and interest in the premises to the defendant, who paid him, as a consideration therefor, the sum due, and interest. The defendant, assignee of the mortgage, had been in possession, claiming to hold in his own right, from the 6th of March, *450 1798 ; but did not make a new entry for condition broken, when be became assignee for the mortgage ; nor has he, at any time since, made any express declaration, that he continued the possession for that cause. So that he now contends, that this process cannot be maintained against him ; because the statute, which gives to this Court jurisdiction as a court of equity on the subject of mortgages, confines that jurisdiction to cases where a foreclosure is attempted by an entry upon the land for a breach of the condition.
The statute,(1) being intended for the relief of persons having equitable rights, which cannot be forced by action [*518] * at law, ought not to be restricted in its operation, so as not to reach the object which the legislature had in view when it was enacted. That object was, to restore to mortgagors and those holding under them, the title and possession of lands mortgaged, on payment or tender of the money due, and interest, at any time within three years after actual possession taken by the mortgagee or his assigns, for the purpose of acquiring to themselves an indefeasible title to an estate, which was liable to be defeated. The benefit intended to be secured was for the mortgagor, and not for the mortgagee ; that an estate originally conveyed on condition, as a pledge for a debt, after it had become absolute in strict law by non-perform-once of the condition within the stipulated time, might retain its original character of a pledge for a longer time than the contract expressed, namely, for three years after the mortgagee had determined to avail himself of the breach of condition, and to make the estate absolute in himself and his heirs. The statute ought to be so construed as to effectuate this intention, and not to increase the difficulty of the mortgagor, or to aid a mortgagee in keeping possession of an estate, after his debtor should be ready and willing to pay him the money which it was conveyed to secure, unless the redemption has been foreclosed in the manner prescribed by law.
It has been adjudged,(2) that an action at common law, or by statute, does not lie for the mortgagor to recover possession, on tender of performance of the condition after the same has been broken, although the equity of redemption may be open, no entry having been made by thg mortgagee. The remedy in such case must be in equity,† or perhaps by resisting the entry of the mortgage when he shall attempt to foreclose by a suit, by showing actual payment of the debt secured by the mortgage. If the mortgagee, therefore, should have entered and dispossessed the mortgagor before condition broken, which he may do by law, and hold over after condition broken, without making any declaration of his intention to foreclose, there is no *451 remedy for the mortgagor, unless under the statute giving equitable jurisdiction to this * Court.(3) And, if the [*519] words of the statute are to be taken strictly, it is obvious that the mortgagee might thus defeat the right of redemption intended to be secured by the statute ; and at his election, convert a conditional into an absolute estate, in spite of the legislative provisions to the contrary.
To obviate this manifest inconvenience and absurdity, the Court will support the rights of the mortgagor as far as they can without violating any principles of law. It has already been decided, that when the mortgagee shall enter after condition broken, it shall be presumed that he entered for that cause ; and the time for that foreclosure shall run from that entry. It has also been decided, that where there has been an entry before the breach, the mortgagee may' commence his foreclosure without any new entry, by declaring that he holds for condition broken, when that event shall occur.(4), †
These are reasonable decisions for the benefit of the mortgagee, that he may not be put to the unnecessary inconvenience of a new entry or a suit upon his mortgage, when he has already got possession of the estate. It seems to be a correlative principle, that, where the mortgagee is in, the condition being broken, the mortgagor, to secure his rights, may elect to consider him in as claiming to foreclose ; and that a tender of performance, made to him when thus in possession, shall avail to the mortgagor as much as if there had been a public entry, or a judgment for possession, because the condition was not performed.
This doctrine puts the parties to the deed upon an equal footing, giving to the one a right to foreclose, as by his contract he had a right to claim an absolute estate, and to the other, a right to redeem within three years from any period after condition broken, when he shall choose to consider the grantee as claiming to hold the estate without condition.
It is more especially necessary, that this doctrine, with respect to the interests of parties to a mortgage, should prevail here, where the usage is almost universal for the mortgagor to remain in possession until the time for performance of the condition has expired, without a covenant in the deed to that * effect ; and [*520] where, nevertheless, the mortgagee has, by law, the right to possession immediately after the delivery of the deed. For the mortgagee may sometimes gain possession, contrary to the real understanding of the parties ; and, if he should choose to continue, *452 without any act showing his intention to foreclose, the mortgagoi would be deprived of his right of redeeming, unless he has the right to consider him in for condition broken, when that event has actually taken place.
In the case before us, the defendant had entered upon the premises the day after the execution of the mortgage to Brown, namely, the 6th of March, 1798. He has been in possession from that time until the present, and in 1805 he purchased an assignment of Brown's mortgage, the condition of which had been long before broken ; having made no new entry at the time, nor declaration of his intention to hold on account of the breach of the condition. It is immaterial whether he entered under a deed from the mortgagee, or as a disseizor ; for it ought not, in either case, to be in his power to prevent the creditors of the mortgagor from availing themselves of the equity of redemption. If he entered by deed, that deed might have been made for the very purpose of extinguishing the right of redemption, to the prejudice of the creditors. If he entered as a disseizor, it would be still more extraordinary that he could procure to himself an absolute estate under a mortgage, merely because, having obtained a wrongful seizin, he should choose not to avail himself of his right to foreclose the mortgage.
He must, therefore, in the present stage of this controversy, be considered as in under the assignment of the mortgage ; and the mortgagor, or his lawful assigns, have a right to consider him as holding under the mortgage deed, with a view to claim an absolute estate under it, the condition having been broken when he took the assignment. And it is in the election of the mortgagor at any time, at least within twenty years, to claim his right to redeem, by bringing his bill in equity, after tender of performance according to [*521] the condition *of the deed. The mortgagee suffers nothing by this ; because he may hasten the foreclosure by a declaration of the purpose for which he holds, and he is completely indemnified before any judgment against him for redemption can be entered. We are satisfied, therefore, that the case made out by the plaintiff is completely within the statute, and that the objection made by the defendant cannot prevail.†
The next objection relates to the proceedings of the sheriff, antecedent to and attending the sale of the equity.
By the preamble to the deed, and the return of the sheriff upon the execution, every thing appears to have been done, which the law requires to make such a sale valid. There was a seizure of the equity, a notification of the time and place of sale within the time *453 prescribed, and notice given to the judgment debtor. By the return it also appears that the plaintiff was the highest bidder, and that the purchase-money was paid down ; so that the sheriff became immediately answerable to the judgment creditor for the amount of his debt, and to the debtor for the residue.
But it is contended, that the return of the sheriff is not conclusive, and that the defendant has a right to go behind it, and require proof of all the acts which by the statute are essential to the validity of the title. Whether this right exists or not, need not now be decided ; as we are all of opinion that enough has been shown to justify the return of the officer and his declarations in the deed.
The principal difficulty suggested on this point is, that, in the public notice given of the intended sale, the description of the thing to be sold was defective. That description was, “the right in equity of redeeming the messuage and farm, situate in Brighton, in the county of Middlesex, on which Jonathan Winship now lives.” It is insisted that the several parcels, of which the farm consisted, should have been mentioned, as also the nature and amount of the incumbrance.
But we think this objection not maintained. The statute requires only that there be an advertisement before the sale, without requiring any particulars. It is in the power of the * [*522] debtor to appear at the time and place of sale, and represent precisely the situation of the estate and the state of the title. The purchaser will require a specification at the time, and the sheriff is then bound to make public what he knows upon the subject. If the price should be low for want of sufficient knowledge of the circumstances attending the property, the creditor is injured, not the debtor, for he has time to redeem ; if it should be high, the purchaser may be injured, but not the debtor or the creditor. At all events the mortgagee cannot suffer in either case ; for the effect of the sale is to pay him his debt. The present defendant, therefore, viewed in the light of a mortgagee, has no interest in this question ; and it is doubtful whether, in that character, he can ever dispute the title of the assignee of the mortgagor ; certainly not without notice and request from the mortgagor, who may dispute the assignment.
Another objection much insisted upon is, that the sale was conditional and upon credit, and therefore void.
The testimony of the sheriff upon this subject is, that he gave eighty-four days to the purchaser to look into the title, and to satisfy himself of his safety in purchasing. The sale was in no other respect conditional, than that, if, upon examination, there should be reasonable doubts of the title, it should in that case be void. This condition, if it had not been expressed, would have been implied. For if, after the vendue and before the deed was delivered, the purchaser *454 should have hesitated and taken time to look up the title, he might have withdrawn from the bargain, if any substantial defect had appeared. As to credit, none was given ; but the money was to be paid upon delivery of the deed, which was to be done at the expiration of the eighty-four days. This time would, perhaps, have been unreasonable, had not a cloud been thrown over the title by the advertisement of the defendant himself, in which he declared himself to be the owner of the whole estate in fee simple, and which was by him inserted in the public papers previous to the vendue. He has no right to complain of the delay ; nor indeed has it been prejudicial to any of the parties concerned. If another creditor [ *523] *had interposed and taken the equity, or had any one made a bona fide purchase of it from the judgment debtor, between the day of the sale and the delivery of the deed, the ques tian as to the effect of the time given might be more important.
Nor do we think that, as between these parties, the objection arising from the statute of frauds is maintained. Admitting that a sheriff’s sale of an equity is within that statute, yet the effect of it would be only to enable either party to the contract to refuse being bound by it. If, pursuant to the contract, a deed is given, the bargain is consummated, and the previous contract is out of the question. The case of Jackson vs. Catlin,(5) cited for the defendant, goes no farther than this. The sheriff there made his sale in July, and executed his deed in the following November, which was delivered as an escrow. The purchaser, having failed to show that the condition, on which the deed was to be delivered, was performed, endeavoured to maintain bis title by the sale, without a deed. It was held that the sale was void, because there was no memorandum in writing, and that it was not helped by the deed afterwards, which had never become effectual.†
Upon the whole, we see no reason why the plaintiff is not entitled to redeem, provided he tendered a sufficient sum ; and if the defendant has no better title than under the mortgage. But the defendant has produced a deed from the mortgagor, executed long before the equity was attached, which purports to be a valid conveyance of all the mortgagor’s right in the land. This deed is impeached as fraudulent, and this has given rise to another objection to our further proceeding in this cause, which requires some consideration.
It is contended, that, as the defendant claims title to the premises under a deed from the mortgagor, purporting to be bond fide and for a valuable consideration, the jurisdiction of this Court under the statute, although maintainable upon every other ground, [*524 ] ceases ; because it is not competent to *the Court to *455 inquire into the validity of the deed, or to avoid it on the ground of fraud, that being a fact which can be tried only by a jury ; and that this Court has no power, under the statute, giving them equitable jurisdiction, to order a trial by jury.
If this objection be valid, the statute provision for proceedings in equity on subjects of this nature would be nugatory. For in any case fraud may be suggested, and it would be in the power of the parties, by introducing it, to oust the jurisdiction of the Court. If the defendant had not claimed to hold under the deed, but had suffered the cause to proceed solely upon the questions relating to the mortgage, it might be doubtful, whether a decree in this case would conclude him against showing a legal title on a suit brought by him at common law founded on this conveyance. But, as he has chosen to set forth his deed in his answer, as a reason why the plaintiff should not be permitted to redeem, it is necessary that the Court should have proof of the execution of the deed, and also of its genuineness, if suspicions should arise from the circumstances of its execution and delivery. This of necessity lets in the other party to controvert it, and the Court must determine from the facts proved, whether any thing passed by it to the supposed grantee or not.
This inquiry might be made by the Court without the intervention of a jury. If, by the principles of the Constitution, the party may insist upon a jury, this will only prove that one ought to be empanelled here to try the fact. But, when the party himself submits his title to the Court under this process, he may be considered as waiving any right to a trial by jury, and so would have no cause to complain.
But it has been insisted that, even if the Court were inclined to have the verdict of a jury upon the validity of this deed, they have no authority to order such a trial; because the statute makes no provision for the exercise of such authority.
*We cannot conceive that the power of the Courtis [*525] so unreasonably limited. When the statute, creating this jurisdiction, authorized the Court to proceed and determine according to equity and good conscience, it was undoubtedly intended that they should proceed, as to the subject-matter of their jurisdiction, in the same manner as courts of a similar jurisdiction proceed in England, to whose laws and forms of trials all our statute provisions are referable, when no particular provision for the mode of trial is enacted.† Now the courts of chancery in England have immemorially exercised the power directing an issue, and sending it to a *456 common law court to be tried, whenever any material facts are strong ly controverted, and they believe a trial by jury is expedient.
This mode of proceeding may be pursued much more conveniently here than there. For the chancery power of this Court being merely incidental, a jury is always at hand, and, with very little additional expense to the parties, the Court may avail itself of its powers, as a Court of law, in aid of its chancery jurisdiction. Indeed, the trial of a question of fact by jury with us, in a cause pending on the equity side of the Court, will amount to nothing more, in point of authority, than the appointment of auditors ; a mode of inquiry which is frequently resorted to for the convenience of the Court and of the parties.
It being understood that the deed, under which the defendant claims to hold the premises, is to be impeached by the plaintiff on the ground of fraud, the Court order that a jury be empanelled to try this question ; and all further proceedings upon the bill will be suspended until a verdict shall be returned.

 Stat. 1785, c. 22, § 2.

 See Hills vs. Payson & al, Mass. Rep. 559.

 Parsons vs. Wells et al.. 17 Mass. Rep 419. —Perkins et al. vs. Pitts, 11 Mass Rep. 134. — Bigelow vs. Wilson, 1 Pick. 458.

 Stat. 1798, c. 77.

 Newhall et al. vs. Wright, 3 Mass. Rep. 138.

 Scott vs. McFarland, 13 Mass. Rep. 9.— Erskin vs. Townsend, 2 Mass. Rep. 403

 [—“such suit” (a bill in equity to redeem) “may be brought at any time within the three years limited for the redemption, and either before or after an entry for breach of the condition.” Mass. Rev Stat., Chap. 107, § 18.— Ed ]

 2 Johns. Rep. 248.

 Macy vs. Raymond, 9 Pick. 285.

 [This Court has full powers in all suits for the redemption of mortgaged premises or for Jhe purpose of foreclosing the right of redemption by Rev. Stat., Chap. 107 § 29. —Ed.]