Wilde, J.
This is a writ of entry, the demandant counting gen erally on his own seizin, and a disseizin by the tenant. The title set up by the tenant is derived fr'om one Isaac Woods, who, in April, 1808, conveyed the demanded premises in mortgage to the demand-ant ; and, in April, 1810, sold the equity of redemption to the tenant. This latter declines redeeming the land, and rests his defence on the supposed invalidity of the demandant’s title, and on an objection to the form of the action.
The objection made to the demandant’s title is, that the mortgage deed was made on an usurious contract, the evidence of which was offered at the trial, and was rejected by the judge. The first question now to be determined is, whether this evidence was rightly rejected.
Although, by the statute of 1783, c. 55, § 1, all mortgages on usurious considerations are declared to be utterly.void ; yet it never could have been intended that a stranger might enter on the mortgagee, or commit a trespass on the land, and justify himself under the statute, when all parties interested in the title should be disposed to acquiesce in the contract. The statute must have a reasonable construction, and in conformity to its general object; which was, to pro tect debtors from the enforcement of unconscionable demands. A mortgage on a usurious consideration is, therefore, void only as against the mortgagor, and those who may lawfully hold the estate under him. (2)
On this construction, if the tenant had purchased the land, he might avoid a previous usurious mortgage, although he had notice of such mortgage before the * purchase. But the tenant has no title in the land before redeeming. He has purchased only the right to redeem ; and, if he will not avail himself of this right, which is the basis of his title, he cannot hold the land ; and, having no title in the land, he cannot be permitted to avoid the mortgage by plea or proof of usury. The principle contended for by the tenant’s counsel would serve to encourage fraud and injustice, rather than to restrain the taking of excessive usury.
The objection to the form of action is, that the demandant has not declared on the mortgage ; and this objection is supposed to be supported by the case of Erskine vs. Townsend, in which it is said, “ That it had been settled by this Court formerly, that, if he, the mortgagee, declare generally, and the mortgagor shall plead in bar that the mortgagee is seized as tenant in mortgage, the condition of which is broken, the action shall be barred.” The grounds of this opinion are not stated, and it is not easy to perceive on what fair construction of the statute it can be supported. The object of the stat *414 uto is, to provide for foreclosing the mortgage, and to give a remedy in equity to the mortgagor. It is admitted, that, before condition broken, the mortgagee may have judgment for possession at common law ; and we see no good reason why he may not have the same judgment after condition broken, when the object of the suit is not to foreclose the mortgage. Such a judgment cannot be injurious to the interests of the mortgagor, for he may redeem at any time ; and, if the mortgagee should refuse to receive the money, he may be considered in possession for condition broken, at the election of the mortgagor, so as to entitle him to his bill in equity. (3)
But, if we held this point doubtful, or were satisfied that the de cisión relied upon for the tenant is correct, it would by no means follow that a mortgagee must be held to declare on his mortgage deed, against an assignee of the mortgagor. Such a principle might subject the * mortgagee to unnecessary inconvenience. He might not have it in his power to prove the assignment, or he might be ignorant that the tenant claimed as assignee. But there can be no inconvenience in requiring the assignee to set forth his title in his plea, if he would avail himself of it to restrict the demandant to a conditional judgment.
The defence also must fail on another ground. The plea of nul disseizin puts in issue the title to the land ; and as to that, there can be no question.
If the tenant had intended to avail himself of the objection made to the form of the action, he should have pleaded the mortgage, and have alleged that the condition had been broken before the commencement of the suit. As he has not so pleaded, it is very clear that the demandant is entitled to judgment.

Judgment on the verdict.

 Carter vs. Claycole, Bac., Abr., Title, Usury, E., cites Leon, 307, pl, 427 — Bull N. P. 224. — Bearce vs. Barstow, 9 Mass. Rep. 48.

 Pomeroy vs. Winship, 12 Mass. Rep. 519.