## Charles T. Russell *vs.* John Dudley.

Where the right of redeeming real estate, which is under mortgage, is sold on execution, pursuant to the Rev. Sts. *c.* 73, § 38, the purchaser, who receives a deed thereof from the officer, cannot contest the validity of the mortgage, and, by proving it to be fraudulent, hold the estate as an absolute fee.

WRIT of entry to recover a tract of land in Lincoln. The case was stated by the parties as follows :

The tenant mortgaged the demanded premises, on the 13th of November 1838, to his sons, John Dudley, junior, and Samuel W. Dudley, for $ 3500, and the deed was recorded on the same day. On the 24th of March 1840, an officer attached, in be half of a creditor of the tenant, all " the right in equity " which the tenant had to redeem said premises. Judgment was recovered in the suit on which said attachment was made, and an execution issued thereon, upon which an officer, by direction of the attaching creditor, advertised and sold said "right in equity," in due form, on the 29th of June 1840, and the demandant, for the benefit of said creditor, became the purchaser, and the officer's deed to him was in due form, and duly recorded. Said right in equity was seized on said execution in May 1840, and stood advertised till the day of sale.

On the 17th of June 1840, the mortgagees took open and peaceable possession of the demanded premises, for condition broken, and to foreclose the right of redemption, and on the same day leased the same premises to the tenant for one year. The tenant defends this suit as such lessee, claiming title under said mortgagees.

The demandant alleges that said mortgage was made to hinder, delay and defraud creditors, and to put the property beyond the reach of process ; and he contends that he has a right to impeach said mortgage as being fraudulent. If, in this action, he may by law be permitted to take that ground and introduce evidence to that point, then this case is to be submitted to a jury ; otherwise, the demandant is to become nonsuit.

*H. H. Fuller*, for the demandant.

*Buttrick*, for the tenant.

SHAW, C. J.    The court are of opinion that the demandant cannot recover in this action.    The tenant, as lessee, stands in place of his sons John and Samuel, the mortgagees ; and the question is, whether the demandant can recover the premises, as having an absolute estate in fee, against the mortgagees.    The demandant having offered to introduce evidence to show that the mortgage of John Dudley to his sons was made without consideration, and so was void against creditors, we are to consider the case as if that fact were proved.    We understand, from the case stated, that John Dudley owned the estate as an absolute estate in fee ; that he mortgaged it to his sons without consideration ; that his equity of redemption, or interest in the estate, was attached by a creditor, who obtained judgment and execution, and caused the equity of redemption to be levied upon, advertised and sold at auction ; that it was purchased by the demandant, for the use of the creditor ; and that the demandant received a deed, in due form, from the officer.    This case supposes that the demandant was not a stranger, purchasing without notice, but that he knew all the facts respecting the title, which were known to the creditor.

The conveyance of an estate by a person in debt, without consideration, is voidable only, not void ; and it can be avoided only by a creditor of the grantor.    It was, therefore, at the option of the creditor of Dudley, to treat the mortgage to his sons as a void conveyance, and set off the estate in fee, at an appraisement, wholly regardless of the mortgage ; or, to treat the mortgage as valid and effectual, and sell the right of redemption at auction.    The proceeds of the sale might be sufficient to satisfy his debt, without disturbing the mortgage.    But he could not do both.    He could not treat the mortgage as subsisting, so as to warrant a sale at auction under the statute, and then, when he had taken his deed, treat the mortgage as a nullity, and claim the estate in fee.

It is true, as was stated in the argument for the demandant, that the attachment and sale are not merely of a " right to redeem," but of the estate of the debtor, subject to the mortgage. Rev. Sts. c. 73, § 38.    *White v. Whitney*, (ante, 81.)    This

case, therefore, is not governed by that of *Green* v. *Kemp*, 13 Mass. 515, where the grant of the mortgagor to the demandant, by deed, was in terms a grant of his right to redeem.

But the demandant claims under a statute title, an officer's deed, the deed of one acting in an official capacity, who has no interest in himself, whose deed operates by way of execution of a statute power, by which nothing passes, unless all the circumstances concur in establishing the case on which the power is given. *Bullard* v. *Hinckley*, 5 Greenl. 272. 6 Greenl. 289. If there was no mortgage, there was no equity of redemption ; the creditor had no right to cause the estate to be sold at auction , and the officer's deed was inoperative and void. Now the creditor, or the demandant standing on his rights, alleges that there was no mortgage valid against him ; he treats it as a nullity. But setting aside the mortgage annihilates the right of redemption, and leaves the officer's deed inoperative to pass any estate. The claims are repugnant. If he would have avoided the mortgage, he should have set off the estate at an appraisement, as an estate in fee ; that being the only mode in which a creditor can appropriate the estate of his debtor, which is not under mortgage, to the payment of his execution. The creditor, by treating it as a subsisting mortgage is afterwards estopped to deny the existence of such mortgage ; and the demandant, purchasing for the use of the creditor, and taking with a knowledge of all the facts, is likewise estopped. *Adams* v. *Barnes*, 17 Mass. 365.

But regarding the demandant as a *bonâ fide* purchaser, without notice, what are his rights ? He purchased the premises at a sheriff's sale, as an equity of redemption, or as an estate subject to some mortgage ; otherwise the officer had no power to sell, and nothing passed by his deed. But there was no other mortgage on the estate, except the mortgage of John Dudley to his sons ; the mortgage now in question. He therefore took the estate, subject to that mortgage, and is as much estopped to contest it, as if it had been recited in his deed. And this result would be as conformable to equity as to law. The case supposes that the demandant, *bonâ fide*, and without notice, purchases an estate at an officer's sale, subject to a mortgage.

The purchase money must be understood to be the value of the estate, over and above the sum for which it is mortgaged. If he could afterwards avoid that mortgage, and hold the whole estate, he might get it for a very inadequate consideration ; he would get what the officer never intended to sell, to the manifest irjury of the debtor and perhaps of the creditor. It would be injurious to the debtor, by taking the whole of his estate by force of a legal proceeding intended to convey to him the balance of the value of the estate, after paying the mortgage debt, leaving the debtor still personally liable for that debt. It would be injurious to the creditor, if the actual proceeds of the sale should prove insufficient to pay the whole amount of his execution ; as it would be giving to the purchaser the power of defeating the intermediate mortgage, which it is the privilege of the creditor alone to impeach, for his own benefit ; and which, if set aside, would leave the whole value of the estate to be applied to the satisfaction of the execution.

To avoid misapprehension, I would add, that I do not consider these principles as applying to a case, where the only estate of the debtor, at the time of the execution of a conveyance fraudulent as against creditors, was an equity of redemption, or an estate subject to a valid mortgage. Suppose A., owning an estate in fee valued at $ 3000, mortgages to B. for a valuable consideration, and *bonâ fide*, for $ 1000. A. then makes a voluntary conveyance, fraudulent against creditors, by way of second mortgage, for $ 2000, being the whole value of the residue ; and afterwards C., a *bonâ fide* creditor, attaches the estate. How shall he levy his execution ? Before the revised statutes, if he had levied and set off the estate by appraisement, as he might do, notwithstanding the first valid mortgage, he could have had no allowance for that mortgage. It would still be a lien on the estate levied upon, and might take the whole of it ; and so the creditor would lose the whole benefit of his judgment. But now, by the Rev. Sts. *c.* 73, § 31, rights of redeeming mortgaged real estate may be taken and set off by appraisement, to satisfy the debts of the mortgagor or owner, in like manner as other real estate, with this difference only, that the appraisers shall deduct the amount

of the mortgage debt or incumbrance from the whole appraised value, and the sum thus deducted shall be stated in the return.

In such case, it would seem that the judgment creditor must make his election at the time of the levy, whether he will submit to take the estate subject to a particular mortgage, or whether he will contest it. In the former case, the amount will be deducted from the estimated value, and that fact be specified in the return : He would then be estopped from objecting to the existence or validity of such specified mortgage. But if a creditor, under such circumstances, should intend to resist an apparently existing mortgage, as fraudulent against creditors, or otherwise, he would have a right so to inform the officer and appraisers. It would be the duty of the appraisers, in such case, to make no deduction from the estimated value of the estate on account of such mortgage, and of the officer to make no exception thereof in his return. We think the judgment creditor might contest such mortgage, and hold the estate free of it, if he could resist it successfully.

Still, rights of redeeming mortgaged real estate, if the cred. tor prefer it, may be taken and sold on the execution, instead of being appraised and set off to the creditor. Rev. Sts. c. 73, § 37. If he does so prefer to have the equity of redemption sold, the question recurs, shall the purchaser be held to take it subject to both mortgages, the fraudulent as well as the valid ? This, I believe, is a new question, and it may be most proper to reserve it till it comes up for adjudication. Perhaps by special notice at the time of the sale, by the terms of sale recited in the officer's deed, or by special reservations and descriptions in the deed itself, the estate, subject to the uncontested valid mortgage, and of course an equity of redemption, might be sold, in such form as to give the purchaser a right to contest the second mortgage, and set it aside, if in fact fraudulent against creditors, and redeem and hold the estate by paying the first mortgage only. All I mean to say now is, that I do not consider the present decision of the court as extending to such a case.

*Demandant nonsuit*