Metcalf, J.
This suit is brought to try the validity of a levy of execution upon an equity of redemption. The facts are these: Henry S. Mansfield, being the owner of the demanded premises, mortgaged them to Richmond Bullock, on the 29th of June, 1844, and on the 22d of May, 1846, conveyed the equity of redemption to the demandant; the same having been previously attached, to wit, on the 2d of May, 1846, by Mansfield’s creditors. These creditors recovered judgments in the suits in which they made their attachments, took out executions, and caused Mansfield’s equity of redemption to be sold at public auction. The tenant became the purchaser, received a deed, and entered into possession. The demandant denies the validity of the levy and sale.
Such being the source of the demandant’s claim, he has no greater rights than Mansfield would have had, if he had not made the conveyance of his equity to the demandant. The equity was attached, levied on and sold, as Mansfield’s; and the demandant has only Mansfield’s right of redemption, or right of action, against the tenant.
On the trial, the demandant, for the purpose of showing the invalidity of the levy and sale, offered to give evidence of several matters, which the judge refused to admit for that purpose. And we have considered the rulings, by which that evidence was excluded, and shall decide upon them, solely with reference to the grounds on which the evidence was offered, and on which the exceptions to its exclusion have *37 been argued by the demandant’s counsel; namely, that the matters offered in evidence were admissible," as grounds for impeaching the validity of the levy and sale.” Whether they were admissible on any other ground, we have not inquired.
The demandant offered, but was not permitted, to show, First, “ that there were one or more parcels of land included in the description of the estates advertised by the officer, and sold by him, and embraced in the levy, as returned, and in the officer’s deed to the tenant, which, at the time of the attachment, or of said levy, were not the property of Mansfield: ” Secondly, “ that the officer embraced, in the advertisement of the estates to be sold, one parcel of land, which was bid off with the other parcels, and its price formed part of the sum bid for the entire equity, which did not belong to said Mansfield, ajid was not embraced in the return of the officer: ” Thirdly, “ that the mortgage, subject to which the debtor’s equity of redemption was sold by the officer, referred, for a description of the premises, to a former mortgage, and described the premises as being two lots embraced in said former mortgage, without further designation, except as to one of the lots; when in fact there were three lots embraced in said former mortgage, and consequently it was impossible to distinguish which of these two lots was intended.”
But the attachment, seizure on execution, sale and conveyance by the officer, were of “ all the right in equity which Henry S. Mansfield had, on the 2d of May, 1846, to redeem certain mortgaged real estate in Blackstone and Uxbridge, described in certain mortgage deeds,” stating the names of the mortgagors and mortgagees, the dates of the mortgages, and the books and pages where they were recorded in the registry. It must be held, therefore, that the purchaser at the officer’s sale (the tenant) acquired, by his deed, all the right in equity which Mansfield had in the described real estate, and no more. If Mansfield had no right in one of the pieces of land, then the tenant acquired none. But this does not affect “ the validity of the levy and sale.” These were effectual to convey what Mansfield did own. And if the tenant bid more than the equity was worth, by reason of his supposing that Mansfield’s *38 right was greater than it actually was, or that it extended over more land than it actually did, the loss is his; and as no other party is injured by it, no other party can object to it. Certainly Mansfield could not; and the demandant has only Mansfield’s rights. In Pomeroy v. Winship, 12 Mass. 522, it was said by the court that “ if the price,” for which an equity of redemption is sold on execution, “ should be low, for want of sufficient knowledge of the circumstances attending the property, the creditor is injured, not the debtor, for he has time to redeem; if it should be high, the purchaser may be injured, but not the debtor or the creditor.” We are, therefore, of opinion, that the first two matters, which the demandant offered to prove, would not, if proved, have been “ grounds for impeaching the levy and sale,” and that evidence of them was rightly excluded.
We are also of opinion, that the third matter, which the demandant offered to prove, to wit, the indefiniteness and uncertainty of the description of the tracts of land, in the advertisement of the sale, and in the officer’s deed, was not admissible in evidence, as a ground for impeaching the levy and sale. The demandant did not attempt, at the trial, to show that the levy and sale were invalid as to a part of the demanded premises, if not as to the whole; but he contended that they were wholly invalid, and he offered evidence for the purpose of showing that they were so, and for no other purpose. And we have already stated that the admissibility of the evidence is to be determined by us solely with reference to the ground upon which it was offered. The question now is, not whether every single rod or acre of the demanded premises is described, in the tenant’s deed from the officer, with sufficient legal certainty; but whether, if it be not, the levy and sale are invalid as to all the other parts of the demanded premises. Clearly they are not. Such parts as are described with sufficient certainty passed by the deed, if the levy was otherwise conformable to the law.
The advertisement of the sale of an equity of redemption is generally very indefinite in its description of the mortgaged estate. But this does not vitiate the sale. As was said by *39 the court, in Pomeroy v. Winship, before cited, “ the statute requires only that there be an advertisement before the sale, without requiring any particulars.” “ The purchaser will require a specification at the time ” of the sale, “ and the officer is then bound to make public what he knows upon the subject.”
The fowrth matter, of which the judge refused to receive proof, was the agreement of' all Mansfield’s judgment creditors, who had attached his right in equity to redeem the premises now demanded, that Deane, the tenant, might bid off that right in equity, at the sheriff’s sale thereof, at a sum sufficient to satisfy all their judgments, including costs of levy and interest. This, it is argued, was an unlawful agreement, which vitiated the levy and sale. But we do not see any illegality in this agreement, nor any legal injury to the demand-ant in the performance of it. It is a common thing for a creditor, who expects to obtain of his debtor nothing beyond the value of an equity of redemption, which has been attached or seized on execution, to bid for that equity the amount of his judgment and costs, though he knows it to be worth much less. This, as we have already stated, is no legal injury to the debtor. It is incident to the ownership of an equity of redemption, that it may be bid off at a price which the owner cannot afford to pay for the purpose of regaining it. He may be thereby disappointed in his wish and hope to retain his real estate, but he is not thereby legally injured.
The fifth matter which the judge refused to allow the demandant to give in evidence was, that the debt, on which one of Mansfield’s creditors recovered judgment, was paid before the judgment was rendered, and that the tenant knew this fact when he purchased Mansfield’s equity of redemption. And we are of opinion that this evidence was properly excluded. If it had been admitted, it would not have impaired the tenant’s title. The judgment, which the demand-ant attempted to impeach, was rendered in due form, and must stand until it is duly reversed or otherwise set aside. An execution was issued on that judgment, and was delivered to an officer who was bound to levy it. The tenant bought *40 the equity at the officer’s sale, and his title cannot be affected by the fact that the judgment debtor might have made a successful defence against one, or even all, of his judgment creditors’ claims. (See Jordan v. Phelps, 3 Cush. 545, and cases there cited.) As that fact is no ground for impeaching the validity of the levy and sale, the tenant’s knowledge of it is immaterial. Whether the demandant could have defeated the tenant’s title, by showing that all or any of the judgments against Mansfield were obtained without just cause, by collusion between Mansfield and his creditors, or any of them, for the purpose of injuring the demandant, is a question which it is unnecessary now to decide.
All these five matters, offered in evidence by the demand-ant, were rightly excluded as irrelevant and immaterial. If they had been proved, they would not have impeached the tenant’s title.
Two other objections were made, by the demandant, to the tenant’s title under the levy and sale.
1st. That in the advertisement of the sale, “ the mortgage, subject to which the debtor’s right in equity of redemption was sold, was described as dated August 29, 1844, when in fact it bore date June 29, 1844.” But there was only one mortgage firom Mansfield to Bullock, and that was referred to, in the advertisement, as recorded in the registry of deeds, book 390, page 412. This reference was correct. The mortgage is recorded in that book and page. And in the officer’s deed to the tenant, there is the same reference to the registry, and the date of the mortgage is correctly stated. If, however, this deed had followed the advertisement and misstated the date, we are of opinion that it would not have affected the tenant’s title. The equity of redemption in the estate mortgaged, by Mansfield to Bullock, by a deed recorded in book 390, page 412, would have passed by the deed to the tenant, notwithstanding the erroneous statement of the date of the mortgage. Vose v. Bradstreet, 14 Shepl. 156 ; Worthington v. Hylyer, 4 Mass. 205; Proctor v. Poole, 4 Dev. 373, 374. As the error in stating the date of the mortgage would not have invalidated a deed of the equity, á fortiori, the error in the *41 advertisement does not invalidate the tenant’s title under the levy and sale.
2d. The demandant objected that sundry machinery and tools were embraced in the sale and conveyance to the tenant by the officer, whereby the price bidden and paid for the right in equity, beyond what it otherwise would have been, was enhanced, and consequently, the amount which the demand-ant must pay, in order to redeem, was increased. As no evidence was offered, and no facts are stated, concerning the machinery and tools, we must understand that they were fixtures, and a part of the mortgaged property. It was Mansfield’s right to redeem, and nothing else, which the officer sold or could sell. If then, the machinery and tools were not ncluded in Mansfield’s mortgage of .the real estate, the tenant acquired no title to them; and if they were the property of the demandant, he may maintain an action against the officer for selling them, or he may take them from the tenant by a writ of replevin. For a purchaser acquires no title to property which he buys at a sheriff’s sale, unless it belonged to the judgment debtor. Cooper v. Chitty, 1 Bur. 20, 32; Farrant v. Thompson, 5 B. & Ald. 826, and 3 Stark. R. 130; Shearick v. Huber, 6 Binn. 2. The additional price bidden by the tenant, in consequence of his supposing that the right to redeem the machinery and tools was to be conveyed to him, (even if that supposition was erroneous,) would have been no injury to Mansfield, if he had remained the owner of the equity, as we have before shown in respect to those parts of the real estate which the demandant offered to prove were not included in the mortgage. And the demandant stands on the same ground with Mansfield, his grantor.

Judgment for the tenant.