## CHARLES GERRISH *vs.* HIRAM MACE.

The purchaser at a sheriff's sale on execution of an equity of redemption attached as hav-ing been conveyed in fraud of creditors may maintain a bill in equity to avoid the fraud-ulent conveyance and redeem the mortgages.

BILL IN EQUITY to redeem land in Groton from two mortgages. The bill alleged that Lafayette Blood, being the owner of the land subject to the mortgages, (one of which was created by himself and one by a previous owner, and both of which had been assigned to the defendant, who had entered to foreclose,) conveyed the same in fraud of his creditors to one who took part in the fraud, and whose right and knowledge the defendant had ; and that after said fraudulent conveyance Blood's interest in the land was attached by his creditors, who subsequently recovered judgment, and duly sold Blood's interest on execution by auction to Nathan R. Thayer, who subsequently conveyed to the plaintiff.

The defendant demurred, on the ground that the plaintiff had no title in the premises, and no right to redeem, or to equitable relief.

*B. F. Butler*, for the defendant. The conveyance of Blood to Hoyt could not be avoided for fraud by the grantor, but only by his creditors. The plaintiff was not a creditor, and did not, by purchasing the equity of redemption at the sheriff's sale on exe-cution against Blood, acquire the rights of a creditor, but only the rights of Blood. Rev. Sts. *c.* 73, §§ 7, 15, 16, 31, 37, 38. *Green* v. *Kemp*, 13 Mass. 515. *Russell* v. *Dudley*, 3 Met. 147 *Van Deusen* v. *Frink*, 15 Pick. 449. *St.* 1844, *c.* 107. *Foster* v *Durant*, 2 Gray, 538

*J. G. Abbott,* (*B. Russell* with him,) for the plaintiff.

SHAW, C. J. Bill by the assignee of a purchaser at a sheriff's sale of an equity of redemption. He sets forth several valid mortgages which through mesne conveyances have come to the defendant, amongst which was one made by Lafayette Blood, who had the equity ; and also sets forth another conveyance, made by Blood, to defeat and defraud his creditors, and alleges that certain creditors of Blood attached Blood's right of redemption, and caused it to be sold on execution at auction. This was the proper mode provided by law for the creditors of Blood to avail themselves of his actual right of redemption, avoiding, as they had a right as creditors to do, all conveyances made to defeat said creditors.

Conveyances made by debtors to prevent their property from being attached for debts due are ordinarily said to be void ; whereas it would be a little more accurate to say that they are voidable as against their creditors, and such creditors may, when any occasion arises, avoid them, by holding them as an actual nullity, when as between other parties they may be held good. In the present case, it seems to us, that when the plaintiff, in seeking to redeem of the defendant, admits that the defendant holds a valid mortgage made by Blood ; and knows also that the defendant holds a conveyance of the equity ostensibly made by Blood, he has a right to set forth all the circumstances which rendered said conveyance void as against creditors, and that those who had a right to avoid such conveyance did so and attached the equity, which is not attachable property ; and the defendant by his demurrer admits the truth of the facts thus pleaded to avoid the conveyance, and so admits the fraud.

It is said whether a conveyance is fraudulent or not is a question of fact to be proved ; but this is not so. In *Marden* v. *Babcock,* 2 Met. 99, the facts were not found, but only certain suspicious circumstances and badges indicative of an intent to defraud, and then it would be necessary to go to a jury to find the fact of actual intent to defraud. But it is a question of law when the facts on which it depends are well pleaded on one

side, and by demurrer admitted on the other ; and the court will then adjudicate accordingly.

Now the right of redeeming the estate upon payment of the amounts actually and lawfully due and payable was the right attached by the creditors, and was the same right sold by the sheriff at auction, and passed to the plaintiff's predecessor, and through him to the plaintiff, which right the plaintiff seeks to enforce by this bill, as he may rightfully do. *Van Deusen* v. *Frink*, 15 Pick. 449. Rev. Sts. *c.* 73, § 38.

Nor is this right affected by the principles laid down in *Green* v. *Kemp*, 13 Mass. 515, and more especially *Russell* v. *Dudley*, 3 Met. 147. The latter was decided on the ground that though a creditor might avoid a fraudulent mortgage and treat it as a nullity ; yet that he has his option to do so or not at his own election ; and in the case supposed, by selling only the right to redeem, he had expressed his option on the record, not to avoid the mortgage.

In order to avoid the conveyance in this case, the creditor was not bound to levy specifically ; he had his option to levy or sell on execution, and if he elected to sell at auction, the purchaser would take the right to avoid all fraudulent conveyances and incumbrances. *Demurrer overruled*