Br the Court.
As between Taylor, the mortgagee, and Lepper, the grantee of the mortgagor, the latter must be regarded as the purchaser of the equity of redemption merely, and, as such, he had no right to set up by way of defense that the note secured by the mortgage was usurious. The defense of usury in such case is personal to the mortgagor, and if waived by him, can not be set up by his •grantee, who assumes, in consideration of the grant, to pay the claim of the mortgagee. Union Bank v. Bell, 14 Ohio St. 201; Green v. Kemp, 13 Mass. 515; Shufelt v. Shufelt, 9 Paige, 137; Morris v. Floyd, 5 Barb. 130.
As between Cramer and Lepper, the vendor and pur•chaser of the equity of redemption, we think the Court of •Common Pleas rightly construed their contract in holding *63 Cramer to the payment of the. interest which had accrued on the note and mortgage prior to April 1,1869, the date of the conveyance. This construction is sustained in view of the fact that the amount of the mortgage debt assumed by Lepper is stated in the contract at $2,500, the principal of the note only; and especially as the principal debt, excluding interest fully and exactly, when added to other specific ■sums agreed to be paid, amounts to the sum agreed as the price to be paid for the mortgaged premises.
And as between the same parties, it is clearly shown by the terms of their contract when considered in the light of the known facts, that Lepper’s undertaking was to pay the principal of the note, with interest, after the date of the conveyance, at the rate therein specified, as part consideration for his purchase.
But we think the Court of Common Pleas erred in not charging Cramer with the interest which accrued on the sum decreed against him from April 1, 1869, until the date of the decree. This sum, as we understand, was the interest which had accrued on the note before the date of the conveyance, and, as against Cramer, Lepper should have been released from interest accruing thereon. The rate of such accruing interest was six per cent., there being no agreement as to the rate of interest upon accrued interest. This being the rate to which Taylor was entitled, the same rate must be computed as between Cramer and Lepper.
Eor this error the judgment of the Court of Common Pleas was rightly reversed, and hence this motion must be overruled.