(82 South. 157)

## SCHEUER, WISE & CO. v. NEW YORK LIFE INS. CO.   (3 Div. 378.)

(Supreme Court of Alabama.   April 24, 1919. Rehearing Denied May 22, 1919.)

1. USURY ⬤⟹12—INTENTION TO CONTRACT FOR AND TAKE.

That agreement under which insured obtained a loan for his policy was such that "it was possible for a contingency to arise whereby more than the lawful interest allowed under the laws of New York could have been exacted by the company" would not establish that agreement was usurious, since there must be an intention at the time to contract for and take usurious interest.

2. USURY ⬤⟹18—RATE OF INTEREST.

Where insured had the right at any time within the life of his policy to discharge loan and redeem policy by repayment of loan and interest thereon at the rate of 5 per cent., the loan contract was not usurious.

3. INSURANCE ⬤⟹367(1) — LIFE INSURANCE — FORFEITURE OF POLICY — ACCIDENT INSURANCE.

Where insured borrowed money on his policy, and the policy was thereafter declared forfeited for failure to pay premium, *held*, the only right was to have balance of reserve on policy after satisfying loan applied in the purchase of extended insurance.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill by Scheuer, Wise & Co. against the New York Life Insurance Company. From decree rendered, complainants appeal. Affirmed.

Charles L. Harold, of Montgomery, and Hugo Black, of Birmingham, for appellants.

Steiner, Crum & Weil, of Montgomery, for appellee.

SAYRE, J.   A former appeal in this case was decided at the November term, 1916. Enough of it to serve present purposes may be seen in the Southern Reporter. 198 Ala. 47, 73 South. 409.

[1-3] By their last amendment complainants, appellants, charged that the agreement under which the insured obtained a loan on his policy was such that "it was possible for a contingency to arise whereby more than the lawful interest allowed under the laws of the state of New York could have been exacted by the company of the insured, and hence the said loan agreement, which incorporated said policy terms in its provisions, was and is void and usurious," thus stating a case different from that shown on the former appeal. Several other considerations have been advanced in support of the decree dismissing complainants' bill, but it seems sufficient now to say that the possibility that a contract may be made a cloak for usury by no means establishes the fact that it is usurious. There must be an intention at the time to contract for and to take usurious interest. Van Beil v. Fordney, 79 Ala. 76. There is no averment save the bare statement of the pleader's conclusion that the contract was usurious, nor was there any proof that the contract was intended to secure a higher rate of interest than the 6 per cent. allowed by the statute of New York. On the contrary, so far as concerns the facts, it appears on the face of the loan contract that insured had the right at any time within the life of his original policy contract to discharge the loan and redeem his policy upon repayment of the loan and interest thereon at the rate of 5 per cent. The loan contract was therefore not usurious. Watson v. McClanahan, 13 Ala. 57; 39 Cyc. 953. Not only so, but the proof showed without dispute that, after the policy had been forfeited by the failure of the insured to make premium payments, the entire amount of the reserve value of the policy, less 66 cents, was by defendant applied in payment of the loan which insured had received, and the term for which this small balance would have purchased a paid-up extension policy had expired long before the death of insured, and, of course, long before complainants propounded their claim that the entire reserve value of the policy should be applied to the purchase of paid-up insurance rather than to the repayment of the money which insured had borrowed from defendant on the faith and security of that reserve. In view of these facts, it is of no consequence as affecting the theory of complainants' bill that, if insured had not been a borrower, upon the forfeiture of his policy contract, the whole reserve to the credit of his policy would have been applied in the purchase for him of term insurance; whereas, if he had borrowed an amount substantially less than the accumulated reserve on his policy, upon forfeiture, his loan would have been first satisfied out of the reserve, and only three-fourths of the remainder applied in the purchase of term insurance. He was a borrower, and it required substantially the whole of the reserve on his policy to satisfy his indebtedness; and, even if the facts had been more in consonance with the case hypothesized by complainants, the contract was still not usurious (authorities supra), and complainants' remedy, assuming they stood on the same footing as the insured, but noting that they were assignees of the beneficiary named in the policy, not of the insured, was not to have the loan contract declared void for usury and forfeited under the laws of New York in order that the whole reserve might be applied in the purchase of term insurance, assuming the New York penalty would

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be visited upon the contract by the courts of this state, but to have the entire balance of the reserve on his policy, after satisfying his loan, applied in the purchase of extended insurance. Such was the right declared in Emig v. Mutual Benefit Life Ins. Co., 127 Ky. 588, 106 S. W. 230, 23 L. R. A. (N. S.) 828, approved in this case on former appeal. That relief, we may assume, the insured, and by the same token complainants, have already had by the voluntary action of the defendant.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.