# Heasley *vs* Dunn.

### ERROR TO THE GARRARD CIRCUIT.

### *Administrators.   Usury.   Assumpsit.*

JUDGE MARSHALL delivered the opinion of the Court.

IT seems to this Court, that Dunn, the administrator of Cooper, if he knowingly received and exacted usurious interest upon the note of Heasley and Teeter to his intestate, became, in consequence of this illegal exaction, personally liable to restore the money and to an action of

ASSUMPSIT.

5bm  145
Case 2
129    33

## Case 40.

*Oct.* 9.

An administrator who knowingly receives and exacts usury on debts due his intestate, is personally liable to refund in an

ROWLAND,
SMITH & CO.
vs
BULL'S EX'RS.

action of assumpsit, though he may have settled his accounts and accounted for it to those entitled to the estate.

assumpsit for the usury which he thus wrongfully and illegally received. And he is not discharged from that liability by having accounted for the amount of usury received, in the settlement of his accounts—first, because such settlement would not, in any case, relieve an administrtor from a pre-existing personal liability to a stranger—and secondly, because if he paid over the usury, he did it knowing that it had been illegally received, and might be reclaimed—and thirdly, he having, as must be presumed, the means of indemnity in his own hands, even though he may have settled and accounted for, or even paid over the whole estate, the person entitled to reclaim the usury should not be involved in any question about the assets.

But further, there is no evidence that the administrator had made a final settlement of the estate in his hands, but merely that he had accounted for the usury received, which may have been nothing more than charging himself with it in his accounts, and this would not even exempt an agent from liability to an action for money wrongfully received for his principal, and which the other party has a right to reclaim. The Court, therefore erred in instructing the jury, that if Dunn had collected the usury as administrator, and had settled his accounts, they should find for him.

Wherefore, the judgment is reversed, and the cause remanded for a new trial in conformity with this opinion.

*Burton* for plaintiff.