*F. Ballinger* for plaintiff.

PROCTOR
*vs*
TERRILL, &c.

---

## Proctor *vs* Terrill, &c.

### ERROR TO THE BOYLE CIRCUIT.

*Executors. Usury. Practice in Chancery suits.*

JUDGE BRECK delivered the opinion of the Court.

CHANCERY.

*Case* 111.

*June* 28.

IT seems to this Court, that the Court below erred in decreeing a sale of thirty-nine fortieths only of the mortgaged slaves. Proctor admits that King was entitled to an interest of one fortieth, and King prays a sale, and that *that* portion of the proceeds might be decreed to him. The Court, we think, should have decreed an absolute sale of so many of the slaves that thirty-nine fortieths of the proceeds would have discharged the claim of Terrill, and as to the remaining fortieth, should have retained control over it till the matter was litigated and finally settled between Proctor and King, upon

the cross bill of the latter. It might have been loaned out, subject to the order of the Court. Any excess in the proceeds of the sale, after paying Terrill, and setting apart a fortieth, should of course be paid over to Proctor. The sale as decreed, we think, was to the prejudice of Proctor. It would leave an interest of an undivided fortieth involved in litigation. The purchaser would probably be a necessary party to the controversy, and be held responsible to the extent of the unpurchased interest for hire, and a decree for a sale of that interest, would ultimately be required. Under such circumstances, the presumption is, the interest decreed to be sold would not command its fair value, but would be sold at a sacrifice.

The Court below seems to have disposed of the whole question in regard to the usury, although no express disposition is made of the cross bill of Proctor, against the executors of Best. In this view of the case, the decree is to the prejudice of Proctor.

*An executor is responsible as such, for usury received by his testator in his lifetime, personally for that received by himself.*

As against Terrill, we are of opinion Proctor was only entitled to a credit for the usury exacted by him, which was much less than the amount decreed. For any usury in the transaction, exacted by Best in his lifetime, or by his executors after his death, Terrill should not be made liable.

When Proctor settled with the executors and gave his note to Terrill for the $2,120, he paid off and discharged the debt due by him to them. He undertook to pay that sum to Terrill as part of the legacy, which the children of Dewey were entitled to under the will of Best, and for whom Terrill was trustee. It was a payment to the executors, and by them to Terrill, and in that light seems to have been understood by the parties. Terrill denies having any knowledge that there was usury in the note, and it is not shown or even alledged that he had.

*One witness is sufficient to authorize the recovery of usury paid to a testator against the denial of the executor, who is not*

In this view of the case, Proctor's remedy was not against Terrill, but the executors, for any usury exacted by them or their testator, in the transaction. We are satisfied that the settlement made with the executors, and the execution of the note by Proctor to Ter-

rill, was in May, 1840, and not in May, 1839, and consequently that the lapse of time relied on by the executors, is not available. The executors will be personally responsible for the usury which they exacted after Proctor's note to Best came into their hands. And they will be responsible as executors for the usury exacted by their testator, or which was included in the note when they received it. They deny any knowledge of the usury charged by the testator, but as the fact is not presumed to be within their knowledge, proof by one witness is sufficient.

presumed to have
personal knowl-
edge of the sub-
ject.

The decree is reversed, and the cause is remanded, that the claim of Terrill may be credited with the usury exacted by him subsequent to the time he obtained the note on Proctor for $2,120, and a sale of the mortgaged slaves decreed as herein indicated, for the payment of the residue of his demand, and costs.

Upon the cross bill of Proctor against the executors, the Court will refer the case to a commissioner to ascertain and report the amount of usury exacted by the executors, and also by their testator; and when ascertained, the Court will, as indicated, decree against them personally, for the usury exacted by them, and as executors for the amount exacted by their testator. The commissioner will be authorized to hear and report any additional testimony touching the usury, that may be adduced and also at the instance of either party, to examine the other upon oath, touching the matters in controversy.

*Dunlap* for plaintiff; *Fox* for defendants.