MARCIUS B. ROBERTS, *Apt. v.* THE ESTATE OF JOSIAH BUR-
TON.

*Usury.    Claims against the estates of deceased persons.*

A claim for money paid as usury survives against the estate of the person to whom it was
paid.

A claim against the estate of a deceased person, which is presented for allowance upon an
appeal from the decision and report of the commissioners, is not barred on account of its
not having been presented to the commissioners, if it is not shown that they appointed
convenient times and places of meeting to examine and allow claims, and gave due notice
thereof, as the statute prescribes.

APPEAL from the decision and report of commissioners by the
claimant, who declared in assumpsit; plea, the general issue and
statute of limitations, trial by the court.    (It does not appear from
the copies furnished at what term the case was tried, or who was
the presiding judge.)

On the trial, the plaintiff claimed the sum of $59.22, which he
contended was usuriously included in a note given by him to the
deceased, September 4th, 1841, for $2,000.00 which was not paid
until 1852.    He also claimed to recover one-seventh part of what
he had paid the deceased, as interest on said note, which was seven
per cent. per annum from its date until it was taken up.    He also
claimed to recover $8.22 and interest thereon as overpaid by reason
of a mistake in computation at the time the note was paid and
taken up.

The court decided that the $59.22 included in the note was not
usury, and that the plaintiff was not entitled to recover it, and ren-
dered judgment for the plaintiff to recover the excess over six per
cent. per annum, that he had paid as interest on the note within
six years next before the decease of J. Burton, and the interest
thereon from the time of payment, and the $8.22 which was over-
paid by mistake and the interest thereon.    The executor objected
to the allowance of the last two items, for the reason that they were
not presented to the commissioners, and that the claim for what
was paid for illegal interest, did not survive against the estate of
the deceased.    It appeared that the claim presented (and the only
one) before the commissioners was in writing, and as follows, viz:

"JOSIAH BURTON, to M. B. ROBERTS,     *Dr.*

"1841, Sept. 4th.   To cash,       $59.22

     "Interest to Sept. 4, 1852, 7 per cent.   49.68

              $108.90

"Interest to Nov. 25, 1853, 1 year, 2 months, 20 days,   7.98

              $116.88 "

and that the plaintiff then stated to the commissioners that all he caimed was the $59.22 and interest as above stated, that he did not claim the one per cent. excess paid as interest. It further appeared that the plaintiff had not then discovered the mistake of $8.22. Exceptions by the defendant.

*Burton & Burton*, for the defendant.

The plaintiff's claims which were not presented to the commissioners were barred. The appeal had reference only to the claims presented and merely suspended, but did not vacate the judgment of the commissioners. Comp. Stat. 350, § 1, 352 § 15. *Fourth Ec. S. in Middleton* v. *Mather*, 15, Conn. 600. *Curtiss* v. *Beardsley*, 15 Conn. 523. *State* v. *McKown*, 21 Vt. 503.

*A. L. Miner*, for the plaintiff.

The claim for usury survives. 22 Vt. 108.

Upon an appeal from commissioners the whole case is opened and all matters between the parties are subject to litigation in the county court.

The opinion of the court was delivered by

BENNETT, J. The claim which is sought to be recovered in this case, is mostly to recover back money paid to the deceased in his life time, as usury. Fifty-nine dollars and twenty-two cents was disallowed by the county court, upon the ground that it was not paid as usury, and to this the plaintiff did not except. The other part of the claim was resisted before the county court upon the ground that it was not presented to the commissioners, and that such portion of it as was made to recover back money paid as usury did not survive against the estate of Mr. Burton. But we think otherwise. The assets of the estate had been benefited by

the payment. The rule has been, that if the assets of the estate have been lessened, the cause of action survives to the estate, and if benefited it survives against the estate. This we think, was a sensible rule.

In the case of *Moore, Assignee of Jones* v. *Jones et al.*, in the district court of the United States, 23 Vt. 739, it was held, that a right to recover back money, paid as usury, was a right vested in property, and that it passed to and vested in the assignee of the bankrupt, under the recent bankrupt law of the United States, and this case proceeded upon the ground, that the right of action in such case, sounded in contract, and not in tort. It is clear then, if in such a case, the right is one vested in property, it should survive to an administrator or executor, and by parity of reasoning, it should survive against them.

Whether the plaintiff's claims are barred by not being presented to the commissioners is quite another question, but from the case before us we cannot at all events say they are barred. All that the case finds is, that the only claim presented was for $59.22, (which the county court disallowed,) and the naked fact that the executor of Burton objected to the allowance of the other claims, because they were not presented before the commissioners. The case must state enough to show affirmatively that there was error in the county court. To bar a claim under our statute proceeding for the settlement of estates, it must appear, among other things, that the commissioners did appoint convenient times and places of meeting to examine and allow claims, and that due notice was given of this by the commissioners, as the statute prescribes. See Comp. Laws, chap. 52, sec. 3 and 15, pp. 350, 352. Unless this is done there can be no bar of the right under the 15th section of the act, and the burden of the proof is upon the person who claims the benefit of the bar.

The exceptions must show facts enough to bar the claims, and in this respect it makes no difference whether the defense comes in under the general issue, or by way of a special plea.

The judgment of the county court is affirmed.