## HOGAN VS. HENSLEY ET AL.

A bond given to an Internal Improvement Commissioner in his official character, for money borrowed and contracting to pay ten per cent. interest semi-annually in advance is usurious and void.

*Error to the Circuit Court of Searcy County.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

ROSE, for the plaintiff.

Interest at 10 per cent. per annum may be legally contracted for, and making it payable semi-annually in advance does not render the contract void for usury. *Agricultural Bank vs. Bissell*, 12 *Pick.* 586 ; 6 *Wend.* 652 ; 3 *Peters* 40 ; 9 *Wheat.* 581 ; 3 *Wend.* 408 ; 8 *Cow.* 664–70.

Mr. Justice COMPTON delivered the opinion of the court.

On the trial of this case in the court below—it being an appeal from the decision of a justice of the peace to the Circuit Court—the appellant offered in evidence the writing obligatory sued on, which was payable to him in his official capacity as Internal Improvement Commissioner, for one hundred dollars, "with ten per cent. interest per annum *semi-annually in advance,* from date till paid ;" but the court excluded the evidence, upon the ground that the writing obligatory was usurious and void. Verdict and judgment followed for the defendant, and a new trial being denied the plaintiff, he prosecuted his appeal to this court, and contends here, that the instrument sued on was not usurious.

Under our statute, creditors are allowed to receive interest at the rate of six per centum per annum, where no other rate is agreed upon, though the parties may agree in writing for the

payment of interest not exceeding ten per centum per annum; and by the 7th section, it is provided, that·all contracts or securities whereby there shall be reserved, taken or secured, any greater sum or value for the loan or forbearance of money, &c., than is prescribed in the act, shall be void, *Gould's Dig.*, *chapter* 92.

It is obvious, that by receiving the interest in advance, the plaintiff would get more than ten per cent. per annum for the money actually loaned ; and such being the agreement of the parties in the case before us, as appears by the face of the obligation, it was a palpable violation of the statute, and therefore, usurious. The authorities cited by the counsel for the defendant in error, are cases where it has been held that bankers and those dealing in bills of exchange or promissory notes, by way of trade, are allowed to take interest in advance, though, by doing so, it exceed the legal rate. But this privilege, as will be found on examination of the cases, has been uniformly confined to such person, and may be regarded as an exception to a general rule. *Bank of Utica vs. Wager*, 2 *Cow.* 769, (opinion of SAVAGE, Chief Justice,) 3 *Pet.* 40; *Fleckner vs. U. S. Bank*, 8 *Wheat.* 338 ; *The Manhatten Comp. vs. Osgood*, 15 *Johns.* 108 ; *Marsh vs. Martindale*, 3 *B. & P.* 154.

It is the duty of the Internal Improvement Commissioner to loan the public funds in his hands as by law he is directed, and it is not contemplated by the statute that the bonds taken shall circulate as negotiable instruments for the benefit of trade ; it cannot, therefore, be seriously contended that he comes within the exception.

To render the obligation void, it was not necessary that the plaintiff should actually receive the interest in advance ; the agreement that it should be so paid, was sufficient within the meaning of the statute.

Let the judgment be affirmed.