CASE 19—PETITION ORDINARY—JANUARY 30.

# Stone vs. McConnell, &c.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. A guardian assigned to her ward, on his arrival at age, a note on which usurious interest had been paid to her, and which note the obligors subsequently took up by executing a new note to the ward. In action by the latter on the new note, the defendants have no right to set up, by way of defense or counter claim, the usury paid to the guardian.

2. The execution of the new note to the assignee was a payment and discharge of the first note. (3 *J. J. M.*, 12.)

3. The assignee having received the first note from his assignor for a valuable consideration, is not contaminated with the usury, and by taking the new note he changed the security for his debt and released his assignor from liability, and the debtor must resort to his action against the assignor for the usury paid.

4. In an action against several co-obligors, one of the defendants cannot set up as a counter claim or setoff, a note on the plaintiff held by another defendant.

STONE, PORTER, and REED, for appellant, cited 9 *Dana*, 501; 5 *B. Mon.*, 145; *Sess. Acts*, 1861, *p.* 105; 3 *J. J. M.*, 13.

T. N. LINDSEY, on same side, cited 12 *B. Mon.*, 307; 9 *Dana*, 593; 3 *J. J. M.*, 16.

J. K. GOODLOE, for appellee, cited 7 *B. Mon.*, 440; 2 *Met.*; 93; 3 *Met.*, 276; 5 *Dana*, 80.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Henry Moss having borrowed of Mrs. Susan Stone, guardian of W. G. Stone, $2,764 57, executed his note therefor dated September 18, 1855, with Wm. A. Moss and H. C. McConnell as his sureties. This note contains this covenant: "To bear interest equal to the Versailles bank dividend, paid semi-annually; and if the interest is punctually paid, said Moss has the privilege of renewing his note from one to three years at same rates." Moss continued to pay a semi-annual interest of five per cent. on this note to Mrs. Stone until September 21, 1860, when W. G. Stone, having arrived at age, took said note from his guardian; and Moss having paid $264 57 of the principal to him, executed the note sued on to him for $2,500, and took up the note given to Mrs. Stone. Moss made several payments on this note before this suit was brought, September 15, 1863, against McConnell, to recover the remainder due on the note.

McConnell sets up the various semi-annual payments of five per cent. made to Mrs. Stone, also the semi-annual payments made to W. G. Stone, and a note for $151 34 of Stone held by Moss, by way of payment, counter claim, and offset.

To this claim for usury the plaintiff replied the statute of limitations, sets out the surrender of the note executed to Mrs. Stone, and the execution of the note sued on to him.

And as to the note for $151 34, insists that the credit for $150, entered on the note of Moss to him, was for this note, and by mistake that amount was put as a credit when it should have been $151 34.

The law and facts were submitted to the adjudication of the court without the intervention of a jury.

The court adjudged the debt fully paid, and dismissed the offset as to the note for $151 34 without prejudice, from which the plaintiff appealed.

It is not necessary to investigate or determine whether a covenant to pay interest equal to the dividend of a bank is or not usurious, as the bank may not declare any dividend; or, if any, it often does not exceed, and sometimes is not equal to, legal interest.

But regarding these payments to Mrs Stone as usurious, is it a defense to this note? In *Martin vs. Martin* (12 *B. Mon.*) this court held that so long as the debt exists the usurious interest must be applied first to the discharge of the legal interest, and then to the principal, and no right of action for usurious interest exists until the debt is discharged; therefore, the statute of limitations does not begin to run until the debt is discharged; and such has been the determination of this court at its present session. (See *Ellis vs. O'Bannon's ex'r.*) The execution of a new note to a third person who may be the holder of the first note, by assignment or otherwise, has been regarded as a discharge of the first note. (*Breckinridge vs. Churchill et al.*, 3 *J. J. Mar.*, 12.) It is, in other words, a payment of the first note to the assignee, and the right of action against the lender exists from that instant; but neither a right of action nor a defense for the usury previously paid exists against the payee in the second note.

The assignee is not contaminated with the usurious contract; he takes the first note for a valuable consideration from his assignor. By taking a new note from the debtor, the security for the debt is changed, his assignor is released from liability to him, and the debtor must resort to his right of action against the usurer to recover the money paid as usurious interest. Such has been the unbroken current of decisions in this State.

Here Stone received the note on Moss as payment from his guardian. By taking a new note from Moss he released his guardian from all responsibility to him. As between W. G. Stone and Moss there is a valuable consideration uncontaminated with usury.

The note for $2,500, given W. G. Stone, was at six months' date, and a note for $125 at six months was also executed for the five per cent. semi-annual interest. As this note does not contain the covenant to pay interest equivalent to the bank dividend, no question as to this being usurious can exist; but there is a credit on the $2,500 note for $82 50, as the balance of interest up to 24th March, 1861, whilst the note for $125, due only three days before, and given for this interest, has been taken up by Moss. The plaintiff claims that the credit for $82 50 was placed on this note instead of the $125 note, by mistake, whilst the defendant claims that both sums were paid. The pleadings, however, on neither side, aver any mistake. This seems to have been overlooked until the argument in this court.

Moss, the principal, was not sued, but was admitted a defendant on the record in the court below, but put in no answer. On the return of the cause, the parties should be permitted to amend their pleadings so as to explain all these mistakes, and form issues thereon, so that the same may be determined.

McConnell had no right to a judgment on the note of Stone held by Moss; therefore, the dismissal of his cross-petition would have been proper, had there been no errors otherwise in the judgment.

For the errors suggested the judgment is reversed, and the cause remanded for a new trial according to the principles of this opinion.