Palen *v.* Johnson.

---

## PALEN, Receiver &c. *vs.* JOHNSON.

When a statute gives an action to the party aggrieved there is an interest vested in him; it is not a personal right.

Hence, under the section of the statute giving to every person who shall pay usurious interest for a loan a right of action within one year, for the excess of interest, the *receiver* of a borrower, appointed in supplementary proceedings, may sue.

Usurious interest can not be recovered back, except under the statute. If
the action to recover it back is not brought within the time prescribed by the
statute, viz. one year from the time of payment, it can not be sustained.

APPEAL from an order made at a special term overruling
a demurrer to the complaint. The facts appear in the
opinion of the court.

*L. B. Woodruff* and *Chas. F. Sanford,* for the appellants.

*N. Merrill,* for the plaintiff.

*By the Court,* GEO. G. BARNARD, J. The plaintiff has
been appointed, under proceedings supplementary to execu-
tion, receiver of Henry Bangs, a judgment debtor. The
receiver has brought this action to recover an excess of inter-
est beyond seven per cent alleged to have been paid by the
judgment debtor to the defendant. The complaint avers
the payment of the illegal interest to the defendant to have
been made chiefly in 1859 and 1860. The plaintiff was
appointed receiver in 1862, and commenced this action in
December, 1863. A demurrer has been interposed to the
complaint, and two questions are presented by it for determi-
nation. First, is the cause of action one which is personal
to the borrower of the money, for which the usurious interest
was paid; and second, must the action have been commenced
within the year after such payment.

The statute, after establishing the rate of interest at seven
per cent per annum, provides as follows : "Every person
who for any such loan or forbearance shall pay or deliver any
greater sum or value than is above allowed to be received,
and his personal representatives, may recover in an action
against the person who shall have taken or received the same,
and his personal representatives, the amount of the money
so paid, or the value delivered, above the rate aforesaid, if
such action be brought within one year after such payment
or delivery." (1 *R. S.* 772, § 3.) The next section provides

that if the action be not brought within one year it may be brought by overseers of the poor of the town where the payment was made ; and the ninth section provides that any "borrower" who shall file his bill in chancery for relief, shall not be compelled to pay the principal, or any part thereof, as a condition of recovering the same.

There are many remarks in the opinions cited which seem to imply that the privilege of availing himself of the statutes against usury is a personal one to the borrower. These cases are almost wholly under the ninth section, when it is manifest that a mere stranger can not use the statute to obtain relief. But the section giving the right to sue within the year for the excess of interest is very different. When a statute gives an action to the party aggrieved, there is an interest vested in him ; it is not a personal right. This principle has been decided by the Court of Appeals, under a statute worded almost literally like the one in question—the statute giving a right of action to recover lost or stolen money, within three months. (1 *R. S.* 662, § 9.) An action under this statute was held assignable. If assignable, it passes to the receiver, and the receiver may bring this action. (*Meech* v. *Stoner*, 19 *N. Y. Rep.* 26.)

Is the action brought in time ? I do not understand that usurious interest may be recovered back without this statute. Usury is created by statutes. Penalties are given and rights of action created by statute for violation of the usury laws. The case of *Wheaton* v. *Hibbard*, (20 *John.* 290,) was decided under a different statute from the present one. One portion of the opinion in it is questioned in 41 *Barb.* 561 ; the first case holding that the plaintiff's right of action was suspended after one year, for the next three years, when the overseers may sue, and the latter case holding that the plaintiff may sue until the overseers do sue. It seems to me quite plain that neither case can be upheld, under *Meech* v. *Stoner*, 19 *N. Y. Rep.* 26.) A right is in that case held vested, because given by statute. "If the right is not

asserted within the time, it is gone." The overseers may then sue. They have a vested right, upon the same principle. It has never been given back to Bangs. The receiver took nothing, and can not maintain this action. In *Butterworth, receiver, &c.* v. *O'Brien*, (23 *N. Y. Rep.* 275,) the plaintiff brought his action as receiver of an insolvent bank, to recover excess of interest paid by the bank to the defendant. The complaint averred the payment to have been made within the year preceding the commencement of the action. It was held that the act of the legislature repealing the defense of usury, as to banks, had the effect to deprive banks of the benefit of the statute, and that the action could not be maintained. If the right of action was independent of the statute it would not have been affected by the act in question.

I think the judgment should be reversed, and a new trial ordered ; costs to abide the event.

[NEW YORK GENERAL TERM, April 2, 1866. *Geo. G. Barnard, Sutherland* and *Ingraham*, Justices.]