## Case No. 1,922.

### BROMLEY v. SMITH et al.

[2 Biss. 511;[1] 5 N. B. R. 152; 3 Chi. Leg. News, 297.]

District Court, E. D. Wisconsin. April Term, 1871.

BANKRUPTCY—ASSIGNEE CANNOT AVOID USURIOUS MORTGAGE — PRIVILEGE FOR BORROWER ALONE —EVIDENCE—MORTGAGOR NOT COMPETENT WITNESS AGAINST EXECUTORS.

1. The assignee in bankruptcy of one of two joint makers of a note and mortgage, cannot maintain a petition to declare the securities void for usury.

[Cited in Wright v. First Nat. Bank, Case No. 18,078.]

[See Barnett v. Muncie Nat. Bank, Case No. 1,026; Nichols v. Bellows, 22 Vt. 581. Contra, Crocker v. First Nat. Bank, Case No. 3,397. See, also, In re Prescott, Id. 11,389; Wilson v. Nat. Bank, 3 Fed. 391.]

2. The assignee is not a borrower within the meaning of the statute of Wisconsin concerning usury, and the power to institute proceedings to obtain a forfeiture is a privilege conferred by the act upon the borrower. The assignee, to obtain relief, must tender the money actually borrowed.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

3. There is not in the bankrupt act any grant of a power or right to institute proceedings by petition for the recovery of a statutory forfeiture not claimed by the bankrupt either before or after the proceedings in bankruptcy.

4. The assignee may require the creditor to prove his debt, reciting the security and setting forth the consideration, and contest the claim for any usurious surplus.

[Cited in Re Hufnagel, Case No. 6,837; Phelps v. Sellick, Id. 11,079.]

5. Although neither of the mortgagors united in the petition nor were parties to the record, yet under the act of congress of March 3, 1865 [13 Stat. 533], they are not competent witnesses against the executors of the opposite party, as to transactions with or statements made by the testator.

In bankruptcy. This was a petition by Van Buren Bromley, assignee of Ellwood Loy, a bankrupt, praying an order of sale of certain real estate of the bankrupt, and also setting forth a mortgage of said real estate, given by Ellwood Loy and David M. Loy to Dominicus Jordan, to secure their note for $5,000, with a prayer that the same be declared by the court to be void for the usury therein stated. The mortgagee having died some time after the date of the mortgage, this proceeding was instituted against his executors [Smith and others. Petition dismissed].

The statute of Wisconsin (Taylor's Ed. c. 61, § 4) provides: "All bonds, bills, notes, assurances, conveyances, and all other contracts and securities whatsoever (excepting bottomry and respondentia bonds and contracts), and all deposits of goods, or anything whatsoever, whereupon or whereby there shall be reserved, secured or taken any greater sum or value for the loan or forbearance of any money, goods or things in action, than is above prescribed (ten per cent.) shall be void, whether the sum or value so secured, received or taken shall appear in or from such bond, bill, note, assurance, conveyance or contract, or otherwise."

A. Finch, for petitioner.

H. L. Palmer, for defendants.

MILLER, District Judge. The facts stated present a case of usury, and if established by proof would render the mortgage void, under the law of this state in force at the date of the mortgage. To prove the usury stated in the petition, depositions of the mortgagors were offered to be read. The reading of these depositions was objected to, on the ground that, by the death of the mortgagee, these persons were not competent witnesses. It is enacted by congress (13 Stat. 351, 533) that in the courts of the United States there shall be no exclusion of any witness in civil actions because he is a party to, or interested in, the issue tried. But in actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with, or statement

by, the testator, or intestate or ward, unless called to testify thereto by the opposite party, or required to testify thereto by the court.

Ellwood Loy and David M. Loy are parties to the contract with Dominicus Jordan. This proceeding in the name of the assignee is intended virtually as an action in relief of the mortgagors, and in which judgment, it is claimed, may be rendered for or against the executors of the mortgagee. These persons propose to testify as to the transactions with the deceased, and of the statements made by him in relation to the alleged usury. If they were permitted to give evidence to establish the alleged usury, a decree rendered on their evidence according to the prayer of the petition would be claimed to be a discharge of the debt as to David M. Loy, and might relieve Ellwood Loy of his bankruptcy. These mortgagors are, in this aspect of their relation to this proceeding, virtually parties. I think they come within the intent and scope of the act of congress, and that their depositions should be excluded. This provision of the act is for the protection of the estates of parties unable from death or infancy to testify, and it should be liberally construed.

The statute law of this state in force at the date of the note and mortgage, and under which this petition is brought, favors suits or actions brought or defended by borrowers for violation of its provisions against usury. It is alleged in the answer of defendants that the assignee in bankruptcy of the mortgagor is not a borrower entitled to institute proceedings for a forfeiture of the debt. It is also pleaded that the assignee is not the borrower, and cannot institute proceedings for a forfeiture without first paying or tendering the amount borrowed. The assignee in bankruptcy becomes vested with all the estate of the bankrupt not exempt, and must be considered in the light of a purchaser. In re Griffiths [Case No. 3,540]; Potter v. Coggeshall [Id. 11,322]. The title to the mortgaged premises is vested in the assignee subject to the mortgage. If the assignee is not the borrower in the sense of the law, but a purchaser, and if competent to institute proceedings for a decree of forfeiture of the mortgaged premises for usury, or for relief from the usurious contract, he should first do equity by paying or tendering the money borrowed. The power to institute proceedings for a forfeiture under the law against usury, or for a relief from a usurious contract, without first paying or tendering the money borrowed, is a privilege conferred by the act upon the borrower alone.

I do not see in the bankrupt act a grant to the assignee of a bankrupt of any right or power to institute these proceedings for a statutory forfeiture not claimed by the bankrupt either prior or subsequent to proceedings against him in bankruptcy. Neither the bankrupt nor his co-mortgagor are parties to the record. Notwithstanding the proceedings in bankruptcy of Ellwood Loy, David M.

Loy might have brought a bill or suit in his own name and in that of the bankrupt or his assignee, or both, for relief under the law against usury. I do not think the assignee can sustain this petition. The assignee, through the court, may require the creditor to prove his debt in the usual form, reciting the security and setting forth the consideration, and if a larger amount is claimed than was actually borrowed, with lawful interest, he may contest the claim for the usurious surplus. Or if a mortgage should be a device either to defraud creditors or to give a prohibited preference to a creditor, the assignee may proceed by action at law, or by bill in chancery, on behalf of the general creditors of the bankrupt. The petition is dismissed.