Andrews, J.
The plaintiff, on production of the note and Droving the indorsement of the payees, was prima facie entitled to recover.
The defendant gave evidence tending to show that he signed the note at the request of Nelson, one of the payees, upon his promise to give the defendant in exchange his note indorsed by his father for the same amount, and upon the further engagement to procure the note to be discounted, and to pay the defendant from the proceeds $1,800, on a debt owing by him to the defendant. The defendant testified that neither the note or money had been given him. The jury would have been authorized from this proof to find, that there was a failure of con•sideration for the note. But this was not alone sufficient to defeat a recovery. The bank was presumed to be a holder for value, without notice of any defence to the instrument, and proof of a want or failure of consideration between the original parties did not change the presumption, or put the bank to the proof of the consideration upon which it received the paper. (Byles on Bills, 115; 2 Greenl. Ev., § 172.)
But the question as to the burden of proof was immaterial in view of the further evidence. It was shown, on the cross-examination of a witness for the defendant, that the plaintiff discounted the note before maturity, on the application of Nelson, and paid him a part of the proceeds in money, and applied the balance in payment of his note held by the bank, which was past due, and which the bank surrendered at the time of the payment. This constituted the bank a holder for value, within the cases in this State. (Brown v. Leavitt, 31 N. Y., *88 113; Pratt v. Coman, 37 id., 440; Chrysler v. Renois, 43 id., 209; Weaver v. Barden, 49 id., 286.)
The verdict was properly directed, and the judgment should be affirmed.
All concur.
Judgment affirmed.